UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC., ET AL.,

      Plaintiffs,   Case No.  11-15047

v.   SENIOR UNITED STATES DISTRICT JUDGE
    ARTHUR J. TARNOW

ILLINOIS NATIONAL INSURANCE
COMPANY,   MAGISTRATE JUDGE MICHAEL J. HLUCHANIUK

      Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [55], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [57], GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF [69], FINDING MOOT DEFENDANT'S MOTION TO STRIKE [72], AND CLOSING THE CASE**

## Introduction

Before the Court are Plaintiffs' Motion for Summary Judgment [55] and Defendant's Motion for Summary Judgment [57]. Also before the Court are Defendant's Motion for Leave to File Sur-Reply Brief [69] and Defendant's Motion to Strike [72] Plaintiffs' Response [71] to the Motion for Leave to File Sur-Reply Brief [69].

Plaintiffs filed its Complaint [1] in the Western District of Washington. Defendant's Motion to Transfer Venue was granted by that court, and the case was transferred to this District on November 15, 2011. Plaintiffs' filed its Motion for

Summary Judgment [55] on May 31, 2013. Defendant filed its Motion for Summary Judgment [57] on the same day. Defendant filed its Motion for Leave to File Sur-Reply Brief [69] and its Sur-Reply [70] on August 14, 2013. On September 3, 2013, Plaintiffs filed a Response [71] to the Motion for Leave to File Sur-Reply Brief [69]. Defendant then filed a Motion to Strike [72] Plaintiffs' Response [71] on September 4, 2013. Plaintiff filed a Response [73] to this Motion to Strike [72] on September 13, 2013.

On October 4, 2013, the Court held a hearing on these matters.

For the reasons stated below, Plaintiffs' Motion for Summary Judgment [55] is DENIED, Defendant's Motion for Summary Judgment [57] is GRANTED, Defendant's Motion for Leave to File Sur-Reply Brief [69] is GRANTED, and and Defendant's Motion to Strike [72] is MOOT.

**Background**

Defendant issued a "Miscellaneous Professional Liability Policy" to Plaintiff Park West Galleries, Inc. with a policy period of October 31, 2008 to October 31, 2009, and limits of up to $10,000,000 per wrongful act, or $10,000,000 in the aggregate, subject to a $100,000 retention per wrongful act. The policy covers amounts, in excess of the retention, that the insureds "are legally obligated to pay as damages resulting from a claim first made . . . and reported . . . during the policy period" based on a "wrongful act in rendering or failing to render professional

2

services for others, but only if such wrongful act first occurs on or after the retroactive date and prior to the end of the policy period." The policy defines "professional services" as "art auctioneer and appraisal services for others for a fee."

The policy defines a "claim" as "a demand for money or services, including a suit, arising from your wrongful act." The policy includes a duty to defend "a suit brought against you alleging a wrongful act even if the suit is groundless, false or fraudulent." The policy defines a "suit" as "a civil proceeding for monetary, non-monetary or injunctive relief, which is commenced by service of a complaint or similar pleading." The policy defines "wrongful act" as "any actual or alleged negligent act, error or omission, misstatement or misleading statement, committed solely in your performance of professional services." Moreover, the policy obligates Defendant to defend suits "arising out of a dishonest, fraudulent, criminal or malicious act, error or omission, or any intentional or knowing violation of the law, or gaining of any profit or advantage to which you are not legally entitled."

The portion of the policy governing class-actions increases the retention amount for class-actions to $500,000 for each wrongful act resulting in a class-action claim, which is defined as "any claim brought on behalf of a class or putative class of plaintiffs (whether or not certified as such)" or arising from a series of "continuous, repeated, or related wrongful acts" as any claim brought on behalf of a class.

Plaintiffs allege that at the time it sought to purchase insurance from Defendant, Plaintiffs made all previous or ongoing litigation known to Defendant. Plaintiffs further allege that at the time the policy began, Defendant specifically knew of no fewer than four class-action claims filed against Plaintiffs by consumers claiming Plaintiffs acted wrongfully in connection with the sale and appraisal of artwork. These class-actions included *Beegal* filed in New Jersey, *Bautista* filed in California, *Blackman* filed in Florida, and *Bouverat* filed in Washington state.

Plaintiffs now claim that during the policy period and/or the Extended Reporting Period, numerous claims or suits were first made or brought against one or more of the Plaintiffs by individuals and putative class members. Six of the underlying suits were eventually consolidated into a multi-district class-action litigation entitled: *In Re: Park West Galleries, Inc., Marketing and Sales Practices Litigation*, Case No. 09-MD-02076-RSL. These six cases are *Bouverat*, *Blackman*, *Bohm*, *Hatter*, *Mullen*, and *Alleman*. These are the six cases at issue in the matter now before the Court.

The total costs of defense in these six cases was $1,741,934.13, and Plaintiffs ultimately settled the cases as a unit for a payment of $1,154.435.47, which included attorney fees. The issue now before the Court is whether the claims made against Plaintiffs within the six cases of the multi-district litigation are covered by Plaintiff's policy with Defendant.

## Standard of Review

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

## Analysis

Michigan law governs the interpretation of the insurance policy in question. Under Michigan law, the court must first examine whether the allegations against the insured fall within the scope of coverage provided by the policy. *Heniser v. Frankenmuth Mut. Ins.*, 449 Mich. 155, 172 (Mich. 1995). If the court determines that coverage exists, the court must then examine whether the matter comes within a specific policy exclusion. *Id.* Although the insured bears the burden of proving coverage, the insurer must prove the applicability of an exclusion. *Id.* at n.6.

In interpreting insurance policies, the court is to give the language contained within the policy its ordinary and plain meaning. *DeFrain v. State Farm Mut. Auto. Ins. Co.*, 817 N.W.2d 504, 509 (Mich. 2012). While "the court cannot create an ambiguity in an otherwise clear policy, if the policy contains an ambiguity, the ambiguity will be construed in favor of the insured." *Fire Ins. Exch. v. Diehl*, 545 N.W.2d 602, 606 (Mich. 1996)(citation omitted). The Court "strictly construes against the insurer exemptions that preclude coverage for the general risk." *Id.*(citation omitted). If there is an ambiguity in the policy, "under the rule of reasonable expectation, the court grants coverage under the policy if the policyholder, upon reading the contract language is led to a reasonable expectation of coverage. *Id.* (internal quotation marks and citation omitted); *see also Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 786-88 (Mich. 2003).

Of the six separate cases that were consolidated in the multi-district litigation–*Bouverat*, *Blackman*, *Bohm*, *Hatter*, *Mullen*, and *Alleman*–Defendant first focuses its arguments on *Bouverat*, *Blackman*, and *Bohm*. Defendant argues that the claims within these three cases were not first-made and reported to Defendant within the policy period, as required by the policy.

The parties concede that *Bouverat* and *Blackman* were filed prior to the coverage date. The parties also concede that the *Bohm* litigation was filed during the coverage period. However, Defendant argues that the plaintiffs in *Bohm* presented

6

claims to Plaintiff prior to filing litigation, and that therefore, these claims were made prior to the coverage date. As such, Defendant argues that the claims in *Bohm* were not "first-made" during the coverage period.

As discussed under Exclusion R below, Plaintiffs argue that the claims of putative class members in all three cases– *Bouverat*, *Blackman*, and *Bohm*–bring these claims within the coverage period. *See infra* at 8-10. Plaintiffs also argue that the communication between Plaintiffs and the *Bohm* plaintiffs prior to the filing of that litigation does not constitute a claim within the meaning of the insurance policy.

Defendant then argues that policy Exclusions R and N bar coverage of the remaining three cases– *Hatter*, *Mullen*, *Alleman*–and in the alternative, also bar coverage of *Bohm*. Specifically, Defendant argues that the claims are barred by the "arising out of" clause of Exclusion R, which bars coverage of claims that arise from wrongful acts that occurred prior to the coverage date. Defendant also argues that the claims in the consolidated case are related to the "same essential facts" of claims first-made prior to the coverage date or that were pending at the time coverage began, which would exclude these claims under Exclusion N.

*A. Exclusion R*

Exclusion R provides that the Policy will not cover claims "arising out of any wrongful act which occurred prior to the retroactive date." In this case, the retroactive date of coverage is the same day the policy started–October 31, 2008. Plaintiffs claim

that this exclusion is inapplicable because putative class members could allege wrongful acts that occurred after the coverage date. Plaintiffs argue that if any putative class member alleges harm covered by the insurance policy, then Defendant must defend Plaintiff against the entire class action lawsuit. *See Hartford Accident and Indem. Co. v. Beaver*, 466 F.3d 1289 (11th Cir. 2006); *Lenscrafters Inc. v. Liberty Mut. Fire Ins. Co.*, 2005 WL 146896 (N.D. Cal. 2005); *see also Auto-Owners Ins. Co. v. Tax Connection Worldwide*, LLC, 2012 WL 6049631 (Mich. Ct. App. 2012) (holding that an insurer had a duty

to defend a class action claim where coverage possibly existed as to the putative class members' claims). As such, Plaintiffs contend that Defendant's willfully ignored the claims of putative class members that could have occurred within the coverage dates.

In contrast, Defendant argues that the putative class members' claims "arose from" the named plaintiff's claims, which are based on wrongful acts occurring prior to the coverage date. Defendants then argue that all claims made within the class action are therefore barred from coverage. Specifically, Defendant argues that the class action alleges a fraudulent scheme that began before October 21, 2008, and that each named plaintiff identified specific acts in furtherance of the scheme.

Defendant's argument here is unpersuasive. The policy language clearly links "arising out of" to a specific "wrongful act" and not to the factual basis of any previous claim of a named plaintiff. Therefore, Exclusion R does not bar coverage of

8

the claims made within the class action lawsuit.

### B. Exclusion N

Exclusion N provides that the policy does not cover a claim "first made against you prior to, or pending as of, the first inception date, or relating to the essential facts, circumstances or situation underlying such claim."

In asserting the application of Exclusion N, Defendant relies on Plaintiffs' pleadings to the Multidistrict Panel. In those pleadings, Plaintiffs assert that the *Bouverat* and *Blackman* lawsuits –filed prior to the coverage period–are related to *Bohm*, and have the same essential facts, circumstances, or arise from the same underlying situation. The pleadings highlight identical fact situations and similar questions of fact and law. Defendant then summarily asserts that these similarities also exist between the remaining three cases–*Hatter*, *Mullen*, and *Alleman*. As such, Defendant attempts to assert that all six cases are related to *Bouverat* and *Blackman*, which were filed prior to the policy coverage period.

The term "relating to" has been interpreted very broadly in this context. For example, the Eleventh Circuit Court has held that:

> [t]hough clearly this course of conduct involved different types of acts, these acts were tied together because all were aimed at a single particular goal. The fact that these acts resulted in a number of different harms to different persons, who may have different types of causes of action against [defendant] does not render the 'wrongful acts' themselves to be 'unrelated' for the purposes of the insurance contract.

*Continental Cas. Co. v. Wendt*, 205 F.3d 1258, 1263-1264 (11th Cir. 2000)

It is clear from the record that Defendant would not cover Plaintiffs' damages in *Bouverat* and *Blackman* because these claims were filed prior to the coverage period. While under Exclusion R, additional putative class members appear to be covered, Exclusion N trumps Exclusion R's coverage of these class members within *Bouverat* and *Blackman*. That is, putative class members' claims are "related to" those claims of the named plaintiffs. Therefore, Plaintiffs' Motion for Summary Judgment [55] is DENIED as to *Bouverat* and *Blackman*. For the same reasons, Defendant's Motion for Summary Judgment [57] is GRANTED as to *Bouverat* and *Blackman*.

Moreover, prior to the coverage period, plaintiffs in *Bohm* sent correspondence to Plaintiffs stating that they were unable to sell the paintings they bought from Plaintiffs at a good price and that they wanted to settle the matter in a fair way. The *Bohm* plaintiffs also stated that they had attorneys and would most likely sue Plaintiffs for damages. Again, under the policy a "claim" is a "demand for money or services, including a suit, arising from your wrongful act." Therefore, the communication between the *Bohm* plaintiffs and Plaintiffs constitutes a claim. And because this claim was made prior to the coverage period it is excluded fro coverage. Therefore, Plaintiffs' Motion for Summary Judgment [55] is also DENIED as to *Bohm* and Defendant's Motion for Summary Judgment [57] is GRANTED as to *Bohm*..

The remaining cases–*Hatter*, *Mullen*, and *Alleman*– involve similar facts and circumstances as *Bouverat* and *Blackman*. It is clear from the consolidation of these

10

cases that the claims present similar issues of fact and law, as required by the Multidistrict Panel. As such, *Hatter, Mullen*, and *Alleman* are excluded from coverage under the insurance policy.

Therefore, Plaintiffs' Motion for Summary Judgment [55] is DENIED as to *Hatter, Mullen*, and *Alleman* and Defendant's Motion for Summary Judgment [57] is GRANTED as to *Hatter, Mullen*, and *Alleman*.

## Conclusion

For the reasons stated above, Plaintiffs' Motion for Summary Judgment [55] is DENIED and Defendant's Motion for Summary Judgment [57] is GRANTED. In addition, Defendant's Motion for Leave to File Sur-Reply Brief [69] is GRANTED and Defendant's Motion to Strike [72] is now MOOT.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [55] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [57] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Sur-Reply Brief [69] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike [72] is **MOOT**.

**IT IS FURTHERED ORDERED** that this case is **CLOSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

DATED: November 20, 2013